**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANET BURTON, individually and on behalf of all other similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>IYOGI, INC.,<br><br>    Defendant. | No. 13-CV-06926 (DAB)<br><br>**ECF Case** |

### DEFENDANT IYOGI, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant iYogi, Inc. ("iYogi"), by and through its undersigned counsel, hereby answers the Complaint (the "Complaint") [Docket No. 1], dated September 30, 2013 and filed by Plaintiff Janet Burton ("Plaintiff") in this action.

1. iYogi denies the allegations in Paragraph 1, except iYogi admits that: (a) iYogi and its affiliates engage in the business of providing technical support services to consumers and other customers; and (b) iYogi's offerings to consumers include initial consultations with technicians at no-cost for the purpose of diagnosing the condition of potential customers' computers and recommending solutions to fix identified problems.

2. iYogi denies the allegations in Paragraph 2.

3. iYogi denies the allegations in Paragraph 3.

4. iYogi denies the allegations in Paragraph 4.

5. iYogi denies the allegations in Paragraph 5.

6. iYogi denies the allegations in Paragraph 6.

7. Paragraph 7 states legal conclusions to which no response is required. To the extent a response is required, iYogi denies the allegations in Paragraph 7.

8. iYogi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8.

9. iYogi denies the allegations set forth in Paragraph 9, except iYogi admits that it is incorporated under the laws of the State of New York and that it conducts business in New York and in the United States.

10. Paragraph 10 states legal conclusions to which no response is required. To the extent a response is required, iYogi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10.

11. Paragraph 11 states legal conclusions to which no response is required. To the extent a response is required, iYogi denies the allegations in Paragraph 11, except iYogi admits that it conducts business in New York.

12. Paragraph 12 states legal conclusions to which no response is required. To the extent a response is required, iYogi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12, except iYogi admits that it conducts business in New York.

13. iYogi denies the allegations in Paragraph 13, except iYogi admits that it and its affiliates provide consumer technical support services and have provided technical support services to millions of subscribers in several countries, that its investors have included Sapphire Ventures and Sequoia Capital, and that it promotes iYogi services through variety of means that include online advertisements and third-party referrals. To the extent that Paragraph 13 refers to

a document, iYogi refers to the original of the referenced document for an accurate and complete statement of its contents.

14. iYogi denies the allegations in Paragraph 14, except iYogi admits that: (a) technical support services available through iYogi include diagnosis, repair, installation, and maintenance services for multiple devices, software applications, and other products including PCs, digital cameras, MP3 players, and printers; and (b) consumers may contact iYogi to review and diagnose their computer issues. To the extent that Paragraph 14 refers to documents, iYogi refers to the original of the referenced documents for accurate and complete statements of their contents.

15. iYogi denies the allegations in Paragraph 15, except iYogi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding a 2010 ranking of tech companies in India, and iYogi admits that affiliates with whom iYogi provides technical support services maintain facilities with technicians in India. To the extent that Paragraph 15 refers to a document, iYogi refers to the original of the referenced document for an accurate and complete statement of its contents.

16. Paragraph 16 states legal conclusions to which no response is required. To the extent a response is required, iYogi denies the allegations in Paragraph 16.

17. iYogi denies the allegations in Paragraph 17.

18. iYogi denies the allegations in Paragraph 18, except iYogi admits that "Support Dock" is software that the company uses to diagnose and repair computer problems, and "Support Dock" allows iYogi service providers and consumers to communicate via the Internet. To the extent that Paragraph 18 refers to a document, iYogi refers to the original of the referenced document for an accurate and complete statement of its contents.

19. iYogi denies the allegations in Paragraph 19, except iYogi admits that "Support Dock" software includes a separate browser window with text explaining that a technician will use iYogi's "Remote tool" software to remotely access the potential customer's computer, with prior consent of the consumer. To the extent that Paragraph 19 refers to a document, iYogi refers to the original of the referenced document for an accurate and complete statement of its contents.

20. iYogi denies the allegations in Paragraph 20, except iYogi admits that software that iYogi service providers use with some consumers allows technicians to perform activities on potential customer's computer, activities that include moving a cursor, typing, and opening files and directories.

21. iYogi denies the allegations in Paragraph 21.

22. iYogi denies the allegations in Paragraph 22.

23. iYogi denies the allegations in Paragraph 23. To the extent that Paragraph 23 refers to a document, iYogi refers to the original of the referenced document for an accurate and complete statement of its contents.

24. iYogi denies the allegations in Paragraph 24. To the extent that Paragraph 24 refers to a document, iYogi refers to the original of the referenced document for an accurate and complete statement of its contents.

25. iYogi denies the allegations in Paragraph 25. To the extent that Paragraph 25 refers to a document, iYogi refers to the original of the referenced document for an accurate and complete statement of its contents.

26. iYogi denies the allegations in Paragraph 26.

27. Paragraph 27 states legal conclusions to which no response is required. To the extent a response is required, iYogi denies the allegations in Paragraph 27.

28. iYogi denies the allegations in Paragraph 28.

29. iYogi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29. To the extent that Paragraph 29 refers to a document, iYogi refers to the original of the referenced document for an accurate and complete statement of its contents.

30. iYogi denies the allegations in Paragraph 30. To the extent that Paragraph 30 refers to a document, iYogi refers to the original of the referenced document for an accurate and complete statement of its contents.

31. iYogi denies the allegations in Paragraph 31, except iYogi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 to the extent the allegations are based on an "inspection." To the extent that Paragraph 31 refers to a document, iYogi refers to the original of the referenced document for an accurate and complete statement of its contents.

32. iYogi denies the allegations in Paragraph 32.

33. iYogi denies the allegations in Paragraph 33.

34. iYogi denies the allegations in Paragraph 34. To the extent that Paragraph 34 refers to a document, iYogi refers to the original of the referenced document for an accurate and complete statement of its contents.

35. iYogi denies the allegations in Paragraph 35.

36. iYogi denies the allegations in Paragraph 36.

37. iYogi denies the allegations in Paragraph 37.

38. iYogi denies the allegations in Paragraph 38.

39. Paragraph 39 states legal conclusions to which no response is required. To the extent a response is required, iYogi denies the allegations in Paragraph 39.

40. iYogi denies the allegations in Paragraph 40. To the extent that Paragraph 40 refers to a document, iYogi refers to the original of the referenced document for an accurate and complete statement of its contents.

41. iYogi denies the allegations in Paragraph 41. To the extent that Paragraph 41 refers to a document, iYogi refers to the original of the referenced document for an accurate and complete statement of its contents.

42. iYogi denies the allegations in Paragraph 42. To the extent that Paragraph 42 refers to a document, iYogi refers to the original of the referenced document for an accurate and complete statement of its contents.

43. iYogi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43.

44. iYogi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44. To the extent that Paragraph 44 refers to a document, iYogi refers to the original of the referenced document for an accurate and complete statement of its contents.

45. iYogi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45. To the extent that Paragraph 45 refers to a document, iYogi refers to the original of the referenced document for an accurate and complete statement of its contents.

46. iYogi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46.

47. Paragraph 47 states legal conclusions to which no response is required. To the extent a response is required, iYogi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47.

48. iYogi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48.

49. iYogi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49.

50. iYogi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50.

51. iYogi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51.

52. iYogi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52.

53. iYogi denies the allegations in Paragraph 53.

54. iYogi denies the allegations in Paragraph 54.

55. Paragraph 55 states legal conclusions to which no response is required. To the extent a response is required, iYogi denies the allegations in Paragraph 55.

56. iYogi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56.

57. Paragraph 57 states legal conclusions to which no response is required. To the extent a response is required, iYogi denies the allegations in Paragraph 57.

58. Paragraph 58 states legal conclusions to which no response is required. To the extent a response is required, iYogi denies the allegations in Paragraph 58.

59. Paragraph 59 states legal conclusions to which no response is required. To the extent a response is required, iYogi denies the allegations in Paragraph 59.

60. Paragraph 60 states legal conclusions to which no response is required. To the extent a response is required, iYogi denies the allegations in Paragraph 60.

61. Paragraph 61 states legal conclusions to which no response is required. To the extent a response is required, iYogi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61.

62. Paragraph 62 states legal conclusions to which no response is required. To the extent a response is required, iYogi denies the allegations in Paragraph 62.

63. Paragraph 63 states legal conclusions to which no response is required. To the extent a response is required, iYogi denies the allegations in Paragraph 63.

64. Paragraph 64 does not require a response. To the extent a response is required, iYogi denies the allegations in Paragraph 64.

65. Paragraph 65 does not require a response. To the extent a response is required, iYogi incorporates by reference its responses to the preceding Paragraphs.

66. Paragraph 66 states legal conclusions to which no response is required. To the extent a response is required, iYogi denies the allegations in Paragraph 66.

67. Paragraph 67 states legal conclusions to which no response is required. To the extent a response is required, iYogi denies the allegations in Paragraph 67.

68. Paragraph 68 states legal conclusions to which no response is required. To the extent a response is required, iYogi denies the allegations in Paragraph 68.

69. Paragraph 69 states legal conclusions to which no response is required. To the extent a response is required, iYogi denies the allegations in Paragraph 69.

70. Paragraph 70 states legal conclusions to which no response is required. To the extent a response is required, iYogi denies the allegations in Paragraph 70.

71. Paragraph 71 states legal conclusions to which no response is required. To the extent a response is required, iYogi denies the allegations in Paragraph 71.

72. Paragraph 72 states legal conclusions to which no response is required. To the extent a response is required, iYogi denies the allegations in Paragraph 72.

73. Paragraph 73 states legal conclusions to which no response is required. To the extent a response is required, iYogi denies the allegations in Paragraph 73.

74. Paragraph 74 states legal conclusions to which no response is required. To the extent a response is required, iYogi denies the allegations in Paragraph 74, and further denies that Plaintiff is entitled to any judgment or any other relief requested in Paragraph 74.

75. Paragraph 75 does not require a response. To the extent a response is required, iYogi incorporates by reference its responses to the preceding Paragraphs.

76. Paragraph 76 states legal conclusions to which no response is required. To the extent a response is required, iYogi denies the allegations in Paragraph 76.

77. Paragraph 77 states legal conclusions to which no response is required. To the extent a response is required, iYogi denies the allegations in Paragraph 77.

78. Paragraph 78 states legal conclusions to which no response is required. To the extent a response is required, iYogi denies the allegations in Paragraph 78.

79. Paragraph 79 states legal conclusions to which no response is required. To the extent a response is required, iYogi denies the allegations in Paragraph 79, and further denies that Plaintiff is entitled to any judgment or any other relief requested in Paragraph 79.

80. To the extent that iYogi has not admitted, denied, or otherwise responded to any allegation, paragraph, footnote, or other allegation in the Complaint, iYogi denies those allegations.

81. By responding to any allegation in the Complaint, iYogi does not concede that the allegation requires a response; or the relevance of the allegation to Plaintiff's claims.

82. iYogi expressly denies that it is liable to Plaintiff.

**PRAYER FOR RELIEF**

83. iYogi expressly denies that Plaintiff is entitled to any of the relief sought in its Complaint.

**DEMAND FOR JURY TRIAL**

84. iYogi demands a jury trial.

**DEFENSES**

85. Without assuming the burden of proof, persuasion, or production on any matters where that burden rests on Plaintiff, iYogi asserts the following defenses with respect to the claims Plaintiff purports to assert in the Complaint:

**First Affirmative Defense**

86. The First and Second Causes of Action fail to state a claim upon which relief can be granted.

**Second Affirmative Defense**

87. The First and Second Causes of Action are barred because Plaintiff is not entitled to the relief she seeks.

**Third Affirmative Defense**

88. The First and Second Causes of Action are barred, in whole or in part, by the doctrines of waiver, estoppels, and/or unclean hands.

**Fourth Affirmative Defense**

89. The First and Second Causes of Action are barred because Plaintiff has not suffered any injuries or damages as a result of any actions taken by iYogi.

**Fifth Affirmative Defense**

90. The First and Second Causes of Action are barred, in whole or part, by the applicable statute of limitations.

**Sixth Affirmative Defense**

91. The First Cause of Action is barred, in whole or part, because Plaintiff's alleged reliance was not reasonable.

**Seventh Affirmative Defense**

92. The First and Second Causes of Action are barred, in whole or part, by a contract between Plaintiff and iYogi.

**RESERVATION OF RIGHTS**

93. iYogi reserves the right to rely upon any other claim or defense that may become available or appear during these proceedings, based upon evidence developed in discovery or otherwise, and reserves the right to amend this Answer to assert any such claims or defenses.

**PRAYER FOR RELIEF**

For these reasons, iYogi respectfully requests a judgment against Plaintiff as follows:

A. Denying all relief sought in the Complaint against iYogi and dismissing the Complaint on the merits, in its entirety, and with prejudice;

B. Awarding iYogi all its costs and expenses incurred in defending this action, including reasonable attorneys' fees as allowed by applicable law; and

C. Granting iYogi such other and further relief as this Court may deem just and proper.

Dated: New York, New York
April 29, 2015

Respectfully submitted,

*/s/ Paul Bartholomew Green*
Jayant W. Tambe
Thomas E. Lynch
Paul Bartholomew Green
JONES DAY
222 East 41st Street
New York, NY 10017-6702
Telephone: (212) 326-3939

*Attorneys for Defendant iYogi, Inc.*

# DECLARATION OF SERVICE

       Sanjay Narayan, an attorney admitted to practice before the bar of this Court, declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, that a true and correct copy of the accompanying iYogi, Inc.'s Answer and Defenses to Plaintiff's Complaint will be served via the Court's ECF electronic filing system simultaneously with the filing of this declaration, and that an additional copy will be sent to the parties listed below via first class mail.

                Lee A. Weiss
                BERNS WEISS LLP
                585 Stewart Avenue, Suite L-20
                Garden City, New York 11530

                Rafey S. Balabanian
                Benjamin H. Richman
                Chandler R. Givens
                David I. Mindell
                EDELSON LLC
                350 North LaSalle, Suite 1300
                Chicago, Illinois 60654


Dated:  New York, New York
        April 29, 2015                    */s/  Sanjay Narayan*
                                               Sanjay Narayan